## Case No. 1,512.

### BLANCHARD v. HAYNES.

[6 West. Law J. 82.]

Circuit Court, D. New Hampshire.  1848.

PATENTS FOR INVENTIONS—EXTENSION OF PATENT BY SPECIAL ACT—CONSTRUCTION.

[The patent of 1820, to Thomas Blanchard for a machine for turning irregular forms, was renewed in 1834 (6 Stat. 589, 748), by special act of congress, for a further term of 14 years; but as the act was not passed until after the expiration of the first term, leaving a space of about four months in which no patent existed, it contained a proviso that all persons who had erected machines in the interval should have a right to use them. In 1847 (9 Stat. 683) the patent was again extended by special act, but without any such proviso. *Held,* that a person who built a machine in the interim had no right to use it after the second extension took effect.]

[See Jordan v. Dobson, Case No. 7,519. Compare Bloomer v. McQuewan, 14 How. (55 U. S.) 549; Bloomer v. Millinger, 1 Wall. (68 U. S.) 340; and Chaffee v. Boston Belting Co., 22 How. (63 U. S.) 217.]

This was a bill in equity [by Thomas Blanchard against John Haynes], praying an injunction to restrain the defendant from using a certain last machine built by him, and which was alleged to run in violation of the plaintiff's patent. [Injunction granted.] The plaintiff was the inventor and patentee of the celebrated machine for turning irregular forms, now extensively used in this country. It appeared that the original patent was issued in 1820,—that in 1834, it was renewed by a special act [6 Stat. 589] by congress for the term of fourteen years. In the act of renewal, a clerical mistake was made, which was corrected by another act passed in 1839. The act of 1834 was not passed, however, till after the expiration of the first term, leaving a space of about four months, during which no patent existed. The acts of 1834 and 1839 [6 Stat. 748] accordingly contained a proviso, that all persons who had erected, or had commenced erecting machines during that period, should have the right to run them, notwithstanding the renewal. Before the expiration of the fourteen years named in these acts—the patent was again renewed by the act of congress of 1847, for the further term of

fourteen years, from the expiration of this second term.

The act of 1847 [9 Stat. 683] provided expressly that the renewal should "enure to the use and benefit of said Thomas Blanchard, his executors and administrators, and to no other person whatever," with certain exceptions in favor of bona fide assignees; but contained no proviso similar to that in the former acts, in favor of persons who had erected machines during what was called the free period. It was admitted that the defendant built his machine after the expiration of the first term of the patent, and before the first act of renewal of 1834; and the principal question argued by counsel and considered by the court, related to the defendant's right to the continued use of his machine, notwithstanding the act of 1847.

M. S. Clarke and C. B. Goodrich, for plaintiff.

Franklin Pierce and Richard Fletcher, for defendant.

The opinion of the court was given by WOODBURY, Circuit Justice, at the late term at Exeter. In giving the opinion of the court, his honor said that the complaint was for using the machine since the statute of 1847—that this statute contained no grant to persons situated like the respondent, nor any exception to cover cases like his. Congress might have supposed that the use of the machine for fourteen years was a sufficient allowance to remunerate persons situated like the respondent. It conferred the same favor on assignees who had bought and paid for rights under the first patent. But in the second renewal it gave no additional term to them without paying for it. That the question depended upon the construction of the above special acts, and not upon the provisions of the general act of March 30, 1839. It was admitted that congress had the constitutional right to confer a new and further term on the patentee. Such cases have frequently occurred. See [Stimpson v. West Chester R. Co.] 4 How. [45 U. S.] 402; [Evans v. Jordan] 9 Cranch [13 U. S.] 199; [Grant v. Raymond] 6 Pet. [31 U. S.] 240; and other cases. They have done so in this case by the acts of 1834 and 1839, in which the privilege was renewed, under which the defendant had used his machine, during the term thereby conferred. That by the true construction, in the opinion of the court, of those statutes, the rights and privileges thereby created in favor of free machines, were co-extensive only with the term of fourteen years created by them. That the duration of the exemption, in the proviso of the statute, was limited by the duration of the term granted in the main section, the one being made virtually to relieve from the operation of the other. That the plaintiff now claimed under the act of 1847, which contained no grant or privilege in favor of the respondent

or persons situated like him. The legislature may have supposed he had enjoyed privileges enough under the former acts, while they appear to have intended to grant to the plaintiff the benefit of the further term provided in this act. That as to the equities of the case, it was proved that the free use of the machine for one term would amply remunerate the respondent for his expenses in building. Besides, that it was some gratification, that while this decision would give to the inventor and patentee, under the statute of 1847, the reward for his genius and expenses, which congress appear to have intended, it takes away from the defendant no invention or patent of his own creation, and gives no use of his machine to the plaintiff till the defendant has been amply remunerated for any expenses in building his machine.

The injunction prayed for was granted.

[NOTE. For other case involving this patents, see note to Blanchard v. Reeves, Case No. 1,515.]